UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 30 2014
Clerk, U.S. District and
Bankruptcy Courts

LASHAN DANIELS,

    Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 11-1331 (BAH)
Judge Beryl A. Howell

## INSTRUCTIONS TO THE JURY

The attached instructions were given to the jury in the trial of the captioned case on April 30, 2014.

**DATED: April 30, 2014**

BERYL A. HOWELL
United States District Judge

**JURY INSTRUCTIONS for** *Daniels v. District of Columbia, et al.*, **11 CV 1331**
**April 30, 2014**

Members of the jury, at this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented. After I have given you these instructions, you will hear the closing arguments of counsel concerning the evidence in this case. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

There is no need to take notes during these instructions since I will provide you with a copy. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. You must give each instruction equal importance and consider each one equally with all other instructions. If you have any questions about the instructions, you should feel free to send me a note. The instructions will be returned to me when your verdict is returned.

I will now review with you some of what you heard during preliminary instructions in this case about the function of the Judge and the jury in this case.

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses. You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

During the course of the trial, you have heard references to the terms Plaintiff and Defendants. To put it as simply as possible, the Plaintiff is the person who starts a lawsuit and the Defendants are the people who are sued by the Plaintiff. During your deliberations, however, you must not attach any significance in weighing the evidence to the terms Plaintiff and Defendants. In other words, the fact that the Plaintiff has filed a lawsuit against the Defendants does not mean that the Plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the Defendants' evidence. A Plaintiff must prove every element of her claim against the Defendants by a preponderance of the evidence before she is entitled to prevail.

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different than your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of another juror's opinions.

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

JURY INSTRUCTIONS for *Daniels v. District of Columbia, et al.*, 11 CV 1331
April 30, 2014

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts, or to make sure I understand terms that are being used. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case. I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

There may have been times during the trial when a lawyer made an objection to a question asked or material offered by another lawyer, or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. You are to disregard the question and you must not guess about what the answer would have been. Similarly, when I told you to disregard a particular answer—when I ordered it stricken, which I do not believe happened—you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations. In other words, you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken. Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them, either, and I do not believe that happened either during the trial.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. A municipality, whether large or small, has the same right to a fair trial as a private individual. All persons, including municipalities, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a Plaintiff or Defendant is an individual or a municipality must not affect your decision.

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may also consider any facts to which all counsel have agreed or stipulated to be undisputed evidence and we have no stipulations in this case.

JURY INSTRUCTIONS for *Daniels v. District of Columbia, et al.*, 11 CV 1331
April 30, 2014

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make. You should not engage in speculation or make a decision based upon conjecture, however.

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective. The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

The party who makes a claim has the burden of proving it. This burden of proof means that the Plaintiff must prove every element of her claims by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true. If, after considering all of the evidence, the evidence favoring the Plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the Plaintiff on that issue, then the Plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases. Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence. If you believe that the evidence is evenly balanced, on an issue that the Plaintiff had to prove, then the Plaintiff has not carried the burden of proof and your finding on that issue must be for the Defendants.

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors him or her whether he or she produced it or his or her adversary produced it.

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts and circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself. You may consider both types of evidence equally. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in this case, both direct and circumstantial, and find the facts in accordance with that evidence.

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your

function to resolve the conflict and to determine where the truth lies. In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case. You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence. If you believe that any witness has shown him or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth. You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact. If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

As in the case of all other witnesses, you are the sole judges of the credibility of the children who have testified in this case. In weighing their testimony, you may consider not only their age, but their demeanor on the stand, their manner of testifying, their capacity to observe facts, their ability to understand the questions put to them and to answer those questions intelligibly, whether he or she impresses you as having an accurate memory and recollection, whether he or she impresses you as a truthful individual, and any other facts and circumstances bearing on their credibility. You should give their testimony such weight as in your judgment it is fairly entitled to receive.

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here. If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court. If the witness made the prior inconsistent statement, then you may also treat that prior statement as evidence in this case—that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case. If the witness was not under oath subject to the penalty of perjury when he made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court. If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

If a witness testifies that a prior statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

JURY INSTRUCTIONS for *Daniels v. District of Columbia, et al.*, 11 CV 1331
April 30, 2014

There is more than one Defendant in this lawsuit. Each Defendant deserves fair consideration of his or her own separate defense. Accordingly, your finding one Defendant liable or not liable should have no effect on your decision about the liability of any other Defendant. The instructions I give you govern the case as to each Defendant to the same effect as if that Defendant were the only one in this lawsuit. If you should find that no Defendant is liable to the Plaintiff, then your verdict should be in favor of all Defendants against the Plaintiff. If you should find that not all of the Defendants are liable to the Plaintiff, then your verdict should be in favor of the Plaintiff and against only those Defendants you found liable.

In this case, the District of Columbia admits that the acts or failures to act by Metropolitan Police Department Officers Napper, Alvarenga and Salice were committed in furtherance of the business of the District of Columbia. Therefore, the District of Columbia is responsible for the wrongful acts or failures to act of these MPD Officers.

## CLAIMS

The Plaintiff LaShan Daniels has brought three claims in this case. I am not going to turn to discuss the elements of each claim.

## COUNT I: CLAIMS FOR ASSAULT AND BATTERY

In Count I, the Plaintiff has brought a claim of assault and battery against the District of Columbia and MPD Officers Napper, Alvarenga and Salice. The Plaintiff alleges in Count I that the "Defendant police officers willfully and maliciously assaulted battered and traumatized the Plaintiff. [I am quoting from the plaintiff's complaint.] While being assaulted and physically mishandled by the Defendant officers, the Plaintiff was in no way presenting any kind of threat to anyone, disturbing the peace, nor resisting any lawful command. As a direct and proximate result of the willful, malicious and intentional actions, of Defendant rogue police officers, the Plaintiff was assaulted and battered and suffered injuries as a result thereof."

An assault occurs when one person intentionally and unlawfully threatens or attempts to cause physical harm or offensive contact with another person. An assault can also occur when one person intentionally causes an apprehension of imminent physical harm or offensive contact with another person. It must appear to the victim that the person making the threat or attempt has the present ability to carry out the harmful or offensive contact. An assault can occur by words or acts, and actual physical contact is not necessary. If you find that a Defendant has committed an unlawful assault on the Plaintiff, then your verdict must be for the Plaintiff as against that Defendant.

A battery occurs when one person intentionally and unlawfully touches or uses force on another person in a harmful, offensive, or insulting way. The term "touching" includes direct contact. "Touching" also refers to putting an object into motion that directly contacts another person or that contacts something connected with that person. The Defendants cannot be liable for battery if the Plaintiff consented to be touched. If you find that a Defendant has committed an unlawful battery on the Plaintiff, then your verdict must be for the Plaintiff as against that Defendant.

There are some circumstances in which threatening or actually using force, even deadly force, is necessary to carry out a lawful act. Nevertheless, a person may threaten to use or actually use force only in the amount reasonably necessary to carry out the lawful act. If you find, considering the circumstances as they appeared to the Defendants, that the Defendants used or threatened to use more force than was reasonably necessary to do the otherwise lawful act, then your verdict must be for the Plaintiff.

## COUNT II: CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

I am now going to turn to Count II. In Count II, the Plaintiff has brought a claim for intentional infliction of emotional distress against the District of Columbia and MPD Officers Napper, Alvarenga and Salice. The Plaintiff alleges in Count II that the "Defendant police officers, intentionally caused severe emotional distress to the Plaintiff by their extremely, reckless and indifferent conduct, including but not limited to threatening, assaulting and battering the Plaintiff . . . and by maliciously placing the Plaintiff in fear of physical harm and potential injury to and/or loss of her unborn child. As a direct and proximate result of Defendant officers' extremely intentional, reckless and indifferent conduct, the Plaintiff . . . suffered severe pain, emotional distress, and mental anguish."

In order for the Plaintiff to prevail on this claim, she must prove the following three elements by a preponderance of the evidence:
   **First**, that Officers Napper, Alvarenga and Salice intentionally or recklessly engaged in conduct toward the Plaintiff;
   **Second**, that such conduct was extreme and outrageous; and
   **Third**, that such conduct caused the Plaintiff severe emotional distress.

**First**, the Plaintiff must prove that the Defendants acted intentionally and recklessly. I will define those terms in more detail later. Intentional and reckless conduct extends to situations in which there is no certainty, but merely a high degree of probability, that the mental distress will follow, and the Defendant goes ahead in conscious disregard of it.

**Second**, the Plaintiff must prove that the Defendants engaged in extreme and outrageous conduct. The Defendants are not liable for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Instead, to be liable here, their conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

In deciding whether the Defendants' conduct is extreme and outrageous you must consider applicable contemporary community standards of offensiveness and decency, and the specific context in which the conduct took place.

The required intent or recklessness may be inferred from the outrageousness of the conduct or, for example, from accompanying threats of physical violence or when the actor has been informed that the Plaintiff's emotional health is being adversely affected by his or her actions and nonetheless fails to desist.

**Third**, the actor's actions must proximately cause the Plaintiff so severe an emotional upset that harmful physical consequences might be likely to result. The likelihood of such a result must be measured against whether a reasonable person performing the acts in question could have foreseen causing emotional distress.

Mental anguish and stress alone are not sufficient to show severe emotional distress. There is no liability where the Plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor has knowledge. Rather, the Plaintiff must show that the distress is reasonable and justified under the circumstances.

If the Plaintiff proves each of the three elements of her claim for intentional infliction of emotional distress then your verdict should be for the Plaintiff. On the other hand, if the Plaintiff has not proven each of the three elements of her claim then your verdict should be for the Defendants.

## COUNT III: CLAIMS FOR VIOLATION OF CONSTITUTIONAL RIGHTS

Now I am going to turn to Count III, which is the last Count in the Plaintiff's Complaint. In Count III, the Plaintiff has brought a claim under the Federal Civil Rights Act, 42 U.S.C. § 1983, against MPD Officers Napper, Alvarenga and Salice, and not the District of Columbia. The Plaintiff alleges in Count III that the "Defendant officers, with deliberate indifference to and reckless disregard for her safety and well-being, and in violation of the 4th Amendment to the Constitution, did on May 18, 2010, commit or allow to be committed an unreasonable seizure which deprived the Plaintiff . . . of [her] Constitutional rights. As a direct and proximate result of the unreasonable actions of the Defendant officers, the Plaintiff . . . was subjected to an unlawful seizure when [she] was arrested without probable cause and . . . subjected to unreasonable and unwarranted force."

This law, 42 U.S.C. § 1983, provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code, states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Section 1983 establishes the right to sue for money damages for the violation of a person's rights under the U.S. Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment to the United States Constitution and federal laws. Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

I shall shortly instruct you on the elements of the Plaintiff's section 1983 claim. The Plaintiff has the burden of proving each and every element of her section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of Plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the Defendant you are considering.

To establish a claim under section 1983, the Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:
**First**, that the conduct complained of was committed by a person acting under color of state law;
**Second**, that this conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and, finally,
**Third**, that the Defendants' acts were the proximate cause of the injuries and consequent damages sustained by the Plaintiff.

JURY INSTRUCTIONS for *Daniels v. District of Columbia, et al.*, 11 CV 1331
April 30, 2014

I instruct you that the first element is satisfied. MPD Officers Napper, Alvarenga and Salice were each an official of the District of Columbia at the time of the acts in question and each of these Defendants was acting under color of state law.

I shall now examine the second and third elements in greater detail.

With respect to the second element, in order for the Plaintiff to establish the second element, she must show by a preponderance of the evidence that the Defendants' acts alleged by the Plaintiff caused the Plaintiff to suffer the loss of a federal right; and, second, that, in performing the acts alleged, the Defendants acted intentionally or recklessly.

In this case, the Plaintiff alleges that the Defendants deprived her of the following constitutional rights: (1) the right not to be unlawfully arrested, and (2) the right not to be the object of the use of excessive force in being arrested.

The Defendants deny that any of their actions during the time in question violated the Plaintiff's constitutional rights. In defense, the Defendants claim that they were acting with probable cause and that their actions in arresting the Plaintiff and subduing her were reasonable under the circumstances.

I will now describe each of the two rights that the Plaintiff alleges were violated, starting with unlawful arrest and then moving to excessive force:

## UNLAWFUL ARREST

The Plaintiff claims she was subjected to an unlawful arrest because the Defendants had no probable cause to arrest her and this violated her civil rights under the Fourth Amendment of the U.S. Constitution. In order to find for the Plaintiff on her claim for unlawful arrest, you must find that the Defendants did not have probable cause to arrest the Plaintiff for the crime of disorderly conduct.

Under the United States Constitution, no person may be arrested without probable cause for that arrest. Probable cause, or the validity of an arrest, is different from the concept of guilt. Probable cause involves a lesser amount of proof. To establish guilt in a criminal case, the government must prove, beyond a reasonable doubt, that the Defendant committed the acts with which he or she is charged. The validity of an arrest, however, is determined as of the time of the arrest by the reasonableness of the officer's conduct under the circumstances known to him or her. Probable cause for arrest exists if the facts and circumstances known to the officer would cause a prudent person to believe that the person being arrested has committed or is committing a crime. A combination of factors—sometimes called the totality of the circumstances—may be sufficient to establish "probable cause" even if one factor standing alone is insufficient. The actions of the officers must be viewed from what they observed and not from what may have been in the mind of the Plaintiff. If you find that the facts and circumstances known to the officers led them to believe disorderly conduct was being committed you must find in favor of the Defendants on Plaintiff's unlawful arrest claim.

Here the Defendants arrested the Plaintiff for the crime of disorderly conduct, which is codified in D.C. Code § 22–1321. The disorderly conduct statute states that, and I am going to read to you the statute:

> Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby, (1) acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others; (2) congregates with others on a public street and refuses to move on when

ordered by the police; (3) shouts or makes a noise either outside or inside a building during the nighttime to the annoyance or disturbance of any considerable number of persons; (4) interferes with any person in any place by jostling against such person or unnecessarily crowding such person or by placing a hand in the proximity of such person's pocketbook, or handbag; or (5) causes a disturbance in any streetcar, railroad car, omnibus, or other public conveyance, by running through it, climbing through windows or upon the seats, or otherwise annoying passengers or employees, shall be [punished].

The alleged conduct must occur under circumstances such that a breach of peace is or may be occasioned thereby. It is not necessary for a person to actually intend a breach of the peace by her actions. Moreover, it is not necessary for a breach of the peace to actually occur. Rather, the person must simply intend actions that could reasonably annoy, disturb, interfere with, obstruct, or be offensive to others.

For example, one circumstance where a breach of peace may be occasioned is where the person uses words likely to produce violence on the part of others. However, when such words are solely directed at the police and do not involve non-police, this is not disorderly conduct. A police officer is expected to have a greater tolerance for verbal abuse that might provoke or offend the average citizen.

Probable cause to arrest the Plaintiff for disorderly conduct was present if the facts and circumstances known by the officers would cause a prudent person to believe that Plaintiff provoked a breach of the peace in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others. The Defendants did not violate the Plaintiff's Fourth Amendment rights if they had probable cause to arrest her.

Even if an arrest turns out to have been improper, however, the officer still has not committed an unlawful act if he or she had a good faith, reasonable belief that probable cause existed at the time he or she made the arrest. In other words, a complaint for unlawful arrest cannot succeed if a police officer had a good faith, reasonable belief that probable cause existed for the arrest and detention based on the facts and circumstances then known to him or her.

## EXCESSIVE USE OF FORCE

Now I am going to turn to the excessive use of force claim. The Plaintiff also claims that the Defendants violated her Fourth Amendment rights by subjecting her to excessive force when she was arrested. Every person has the constitutional right not to be subjected to excessive force while being arrested. Thus, even if you conclude that the arrest of the Plaintiff was constitutional or otherwise proper, the Plaintiff has a separate claim that the Defendants subjected her to excessive force and this is a separate and independent claim under the Fourth Amendment.

A law enforcement official may only use the amount of force necessary under the circumstances to conduct the seizure or arrest. An officer is not allowed to use force beyond that reasonably necessary to accomplish his or her lawful purpose. If the Defendants used an amount of force that was unreasonable under the circumstances, then they used excessive force.

In determining whether Officers Napper, Alvaregna and Salice's acts constituted excessive force, you must ask whether the amount of force that Officers Napper, Alvaregna, and Salice used was the amount which a reasonable officer would have used in making the arrest under similar circumstances. You should consider all the relevant facts and circumstances leading up to the arrest that Officers Napper, Alvaregna, and Salice reasonably believed to be true at the time of the arrest. You should consider those facts and circumstances in

order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied.

The reasonableness of Officers Napper, Alvaregna, and Salice's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest.

In making this determination, the Defendants' actual motivation is irrelevant. If the force the Defendants used was unreasonable, it does not matter whether they had good motives or bad motives. What matters is whether the Defendants' acts were objectively reasonable in light of the facts and circumstances confronting the Defendants.

## PROXIMATE CAUSATION

The third element which the Plaintiff must prove is that the Defendants' acts were a proximate cause of the injuries sustained by the Plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of the Defendants and any injury or damage sustained by the Plaintiff.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the injury or damage. Moreover, it must be shown that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.

In other words, if a Defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendants. If you find that the Defendants have proved, by a preponderance of the evidence, that the Plaintiff complains about an injury which would have occurred even in the absence of the Defendants' conduct, you must find that the Defendants did not proximately cause Plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A Defendant is not liable if Plaintiff's injury was caused by a new or independent source of an injury which intervenes between the Defendant's act or omission and the Plaintiff's injury and which produces a result which was not reasonably foreseeable by the Defendant.

## INTENTIONAL OR RECKLESS STATE OF MIND

To establish a claim under section 1983 or for intentional infliction of emotional distress, the Plaintiff must show that the Defendants acted intentionally or recklessly. If you find that the acts of the Defendants were merely negligent, then, even if you find that the Plaintiff was injured as a result of those acts, you must return a verdict for the Defendants.

Case 1:11-cv-01331-BAH   Document 56   Filed 04/30/14   Page 12 of 15
JURY INSTRUCTIONS for *Daniels v. District of Columbia, et al.*, 11 CV 1331
April 30, 2014

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether a Defendant acted with the requisite intent or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into another person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

## DAMAGES

Now I am going to turn to damages, and just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable.

If you return a verdict for the Plaintiff, then you must consider the issue of actual damages and award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of the Defendants. You shall award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendants in violation of section 1983 or her claims for assault and battery and intentional infliction of emotional distress.

That is, you may not simply award actual damages for any injury suffered by Plaintiff; you must award actual damages only for those injuries that are a direct result of actions by these Defendants and that are a direct result of conduct by the Defendants which violated the Plaintiff's federal rights under color of law or on her claims for assault and battery and intentional infliction of emotional distress.

If you find in favor of the Plaintiff then you should consider whether she is entitled to any monetary damages. You may award monetary damages for any of the following items that you find the Defendants' conduct proximately caused:

1. any emotional distress that the Plaintiff has suffered in the past;
2. any inconvenience the Plaintiff has experienced; and
3. any loss of earnings incurred by the Plaintiff;

Any monetary damages you might award for physical injury or physical sickness may not be taxable. Any monetary damages that you might award for emotional distress and for all other types of harm may be taxable.

To determine the reasonable value of the time lost by the Plaintiff from her work because of the injury, you should consider any evidence of the Plaintiff's actual earnings and the manner in which she normally occupied her work time before the injury. You should then determine the amount that the Plaintiff was reasonably certain to have earned during the time lost from work because of the injury.

You have heard evidence that after the Plaintiff's arrest, she sought medical treatment for complications associated with her high-risk pregnancy. You are not permitted to infer that the Defendants' conduct caused her pregnancy complications and resulting treatment.

JURY INSTRUCTIONS for *Daniels v. District of Columbia, et al.*, 11 CV 1331
April 30, 2014

If you find that the Plaintiff was unlawfully arrested, then she is entitled to an award of enough money to compensate her for any physical suffering and mental anguish, including fright, shame, and mortification from the indignity and disgrace that resulted from the unlawful arrest.

If the Plaintiff was unlawfully arrested, then at a minimum, the Plaintiff is entitled to an award of nominal damages, that is, a minimal sum such as one dollar, even if you find that she suffered no injury or damages. You may consider the Plaintiff's loss of liberty alone as a basis for an award of damages. You may consider the length of time that the Plaintiff was arrested or detained as a factor in deciding damages.

If you return a verdict for the Plaintiff, but find that Plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar. Nominal damages must be awarded when the Plaintiff has been deprived by the Defendants of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the Plaintiff has suffered no injury as a result of the Defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

I have said that you may award damages only for those injuries which you find the Plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the Defendants in violation of section 1983. You must distinguish between, on the one hand, the existence of a violation of the Plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the Defendants deprived the Plaintiff of her rights in violation of section 1983, you must ask whether the Plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that she claims to have suffered. If you find that the damages suffered by the Plaintiff were partly the result of conduct by the Defendants that were legal and partly the result of conduct by her that was illegal, you must apportion the damages between the legal and illegal conduct that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

The burden of proof is on the Plaintiff to establish all elements of her damages by a preponderance of the evidence. The Plaintiff must prove her damages with reasonable certainty. You may only award the Plaintiff damages for past, present or future detriment, harm, injury, or expenses that are not speculative. Speculative damages are those that might be possible but are remote or based on guesswork.

The Plaintiff does not have to prove her exact damages, however. You may award the Plaintiff damages that are based on a just and reasonable estimate derived from the relevant evidence. Similarly, the Plaintiff does not need to show that there is an absolute certainty that the injury or loss will continue into the future. You may award damages to compensate the Plaintiff for injury and losses that probably will continue.

The number of Defendants that you may find liable to the Plaintiff should not influence the amount of your verdict. You must determine what amount will fairly and reasonably compensate the Plaintiff for her injuries. You should then return a verdict in that amount against the responsible Defendants.

In addition to compensatory damages, the Plaintiff also seeks an award of punitive damages against Officers Napper, Alvarenga and Salice. Punitive damages are damages above and beyond the amount of compensatory damages you may award. Punitive damages are awarded to punish the Defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way. You may also make an award of punitive

JURY INSTRUCTIONS for *Daniels v. District of Columbia, et al.*, 11 CV 1331
April 30, 2014

damages even though you find that the Plaintiff has failed to establish actual damages. You may award punitive damages only if the Plaintiff has proved with clear and convincing evidence:

(1)  that the Defendants' acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the Plaintiff; AND

(2)  that the Defendants' conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the Plaintiff.

You may conclude that the Defendants acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

If you find that the Plaintiff is entitled to an award of punitive damages, then you must decide the amount of that award. To determine the amount of the award you may consider the relative wealth of the Defendants at the time of trial, the nature of the wrong committed, the state of mind of the Defendants when the wrong was committed, the cost and duration of the litigation, and any attorney's fees that the Plaintiff has incurred in this case. Your award should be sufficient to punish the Defendants for their conduct and to serve as an example to prevent others from acting in a similar way.

## LOGISTICAL MATTERS

I am now going to turn to some logistical matters for when you begin your deliberations. During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the note taker's own personal use.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of any other juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. That would unfairly and adversely impact the judicial process.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson.

JURY INSTRUCTIONS for *Daniels v. District of Columbia, et al.*, 11 CV 1331
April 30, 2014

That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you; someone who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were marked only for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

As I said before, I will be providing you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. You will return the formal instructions to me when your verdict is rendered.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict as to each Defendant on each of the Plaintiff's claims must be unanimous.

I am going to be providing you with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions that I have given to you, and nothing in the Verdict Form replaces or modifies the instructions about the elements which the Plaintiff must prove by a preponderance of the evidence. The form is meant only to assist you in recording your verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the court security officer who will be seated outside the jury room, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind that you are also never, under any circumstances, to reveal to any person—not the court security officer or to me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-2 or 4-4 or in any other fashion—whether the vote is for the Plaintiff or the Defendants or on any other issue in the case.